

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2006

# Allied Painting Inc v. DE River Port Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Allied Painting Inc v. DE River Port Auth" (2006). *2006 Decisions*. Paper 854.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/854

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2381

ALLIED PAINTING, INC.,

Appellant

v.

DELAWARE RIVER PORT AUTHORITY
OF PENNSYLVANIA AND NEW JERSEY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 04-01032)
Honorable Mary A. McLaughlin, District Judge

Submitted under Third Circuit LAR 34.1(a)
June 12, 2006

BEFORE: FISHER, GREENBERG, and LOURIE*, Circuit Judges

(Filed: June 22, 2006)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

---

*Honorable Alan D. Lourie, Judge of the United States Court of Appeals for the Federal
Circuit, sitting by designation.

This matter comes on before the court on an appeal by Allied Painting, Inc., from an order entered in the district court on March 30, 2005, granting defendant, the Delaware River Port Authority of Pennsylvania and New Jersey, summary judgment and entering final judgment in its favor. Allied brought this action because the Port Authority rejected its low bid for repainting the Walt Whitman Bridge across the Delaware River between Pennsylvania and New Jersey and instead awarded the contract to a higher bidder. The Port Authority rejected Allied's bid because it did not consider Allied to be a qualified and responsible bidder. The district court had jurisdiction under 28 U.S.C. § 1331 because the Port Authority is a public entity created by a compact between Pennsylvania and New Jersey to which Congress has consented. See Delaware River Joint Toll Bridge Comm'n v. Colburn, 310 U.S. 419, 427, 60 S.Ct. 1039, 1041 (1940). We have jurisdiction under 28 U.S.C. § 1291.

Determination of the standard of review is critical on this appeal. To start with, our review of the order of the district court is plenary. See Dilworth v. Metro. Life Ins. Co., 418 F.3d 345, 349 (3d Cir. 2005). Thus, we must ascertain whether there is any genuine issue as to any material fact and whether the Port Authority is entitled to judgment as a matter of law on the undisputed facts. See Fed. R. Civ. P. 56(c). Nevertheless that standard of review does not govern how we review the decision of the Port Authority as it is inherent in a case of this kind that it is likely that there will be a factual dispute with respect to the ultimate question of whether a bidder is the lowest

qualified and responsible bidder. In this regard, we point out that resolution of the question requires an agency seeking bids to exercise its judgment in a way that ordinarily it cannot do with mathematical precision. Accordingly, as Allied acknowledges, we may overturn the decision of the Port Authority only if its decision was the product of "an abuse of discretion or was arbitrary, unreasonable, or irrational." Appellant's br. at 1. See Princeton Combustion Research Labs. v. McCarthy, 674 F.2d 1016, 1021-22 (3d Cir. 1982).

After our review of this matter we have come to what seems to us the rather self-evident conclusion that we should affirm.[1] In its brief Allied contends that there is "a plethora of evidence [from] which a reasonable jury could find that Allied Painting is both a qualified and responsible bidder for the contract at issue." Appellant's br. at 11. But formulation of the issue in this way misstates the nature of the controversy. As we already have stated, and as Allied acknowledges, we can overturn the Port Authority's decision only if the decision was the product of an abuse of discretion or was arbitrary, unreasonable, or irrational. Thus, the issue on this appeal is not whether a trier of the fact could conclude that Allied was qualified and responsible. Rather, the issue is whether the Port Authority acted wrongfully under the narrow standard of review that we have stated in reaching a contrary conclusion.

Clearly, the Port Authority had valid reasons for reaching its conclusion rejecting

---

[1]Originally Allied asserted two due process claims with respect to the bidding process, but it has abandoned those claims.

Allied's bid, and the district court set forth those reasons in its opinion. While we see no reason to repeat what the district court said, we do emphasize that Allied's bid was so far below the engineer's estimate that acceptance of it might have placed the completion of the project in doubt. Moreover, Allied did not have experience in bridge painting projects of nearly the magnitude involved here. The Port Authority reasonably could have concluded that this combination of Allied's exceptionally low bid and lack of experience was a likely recipe for causing major problems on the project. In the circumstances, we cannot say that the Port Authority acted wrongfully in rejecting Allied's bid.

The order of March 30, 2005, will be affirmed.